THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ILIAD RESEARCH AND TRADING, L.P., <br><br> Plaintiff, <br><br> v. <br><br> THC THERAPEUTICS, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [21] MOTION TO REMAND TO STATE COURT** <br><br> Case No. 2:22-cv-00367-DBB <br><br> District Judge David Barlow |

Plaintiff Iliad Research and Trading, L,P. ("Iliad") brought an action against Defendant THC Therapeutics, Inc. ("THC") in state court seeking an order compelling arbitration.[1] THC removed the case to federal court, invoking the court's diversity jurisdiction.[2] Now, Iliad brings a motion to remand the case to state court.[3] Because THC did not timely file its notice of removal, Iliad's motion for remand is GRANTED.

## BACKGROUND

Iliad Research and Trading, L.P. filed an action against THC Therapeutics, Inc. in state court on January 20, 2021.[4] It served a summons and complaint on January 29, 2021 at THC's Las Vegas address and on February 3, 2021 at the Reno address of THC's registered agent.[5]

---

[1] *See* Complaint at 5, ECF No. 2, filed June 1, 2022.
[2] Notice of Removal at 1, ECF No. 2, filed June 1, 2022.
[3] Motion to Remand to State Court at 1, ECF No. 21, filed June 24, 2022.
[4] State Court Docket at 2, ECF No. 21-1, filed June 24, 2022.
[5] Ruling & Order Granting Defendant's Motion to Set Aside Default Judgment ("State Court Order") at 1–2, ECF No. 25-2, filed July 12, 2022.

THC never answered the complaint or appeared in state court, and the state court granted default judgment to Iliad on November 30, 2021.[6]

On January 21, 2022, THC filed a notice of appearance in state court and moved to set aside the default judgment that had been entered against it.[7] It argued that it had not received the summons and complaint from its registered agent before finally receiving the notice of default judgment.[8] The state court heard oral argument on THC's motion on May 4, 2022 and entered an order granting the motion to set aside default judgment on May 9, 2022.[9]

On June 1, 2022, THC filed a notice of removal and invoked the diversity jurisdiction of this court.[10] On June 24, 2022, Iliad filed a motion to remand the case to state court, arguing that Iliad failed to timely file its notice of removal.[11]

## STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[12] "Since federal courts are courts of limited jurisdiction, [the court] presumes[s] that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."[13] The party removing the case to federal court bears the burden of establishing jurisdiction by a preponderance of the evidence.[14]

---

[6] State Court Docket at 2.
[7] *Id.* at 3.
[8] State Court Order at 4–5.
[9] *Id.* at 1.
[10] Notice of Removal at 1.
[11] Motion to Remand to State Court at 1.
[12] 28 U.S.C. § 1441.
[13] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (quoting *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)).
[14] *Id.*

## DISCUSSION

Under 28 U.S.C. § 1446, if a party seeks to remove a civil action to federal court it must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." The Supreme Court has clarified that a defendant's time to remove "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."[15] Thus, the 30-day period to file a notice of removal begins after two conditions are met: (1) the defendant has been formally served with summons; and (2) the defendant has received a copy of the complaint.

In this case, it is undisputed that the defendant had received a copy of the complaint by the time it filed its motion to set aside the state court's default judgment on January 21, 2022.[16] But the parties disagree on when THC was formally served with summons—THC argues that it was on May 9, 2022 when the state court issued an order setting aside its default judgment,[17] and Iliad argues that it was on January 29, 2021 and February 3, 2021 when it served THC and then its registered agent with a summons and complaint.[18]

The state court's order setting aside default judgment found that Iliad served a summons and complaint January 29, 2021 at THC's Las Vegas address and on February 3, 2021 at the Reno address of THC's registered agent.[19] The state court found that "service of process was

---

[15] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).
[16] Response to Motion to Remand to State Court ("Response") at 3, ECF No. 24, filed July 7, 2022; *see also* State Court Docket at 3.
[17] Response at 3.
[18] Reply in Support of Motion to Remand to State Court ("Reply") at 3, ECF No. 25, filed July 12, 2022.
[19] State Court Order at 1–2.

made at the address of [THC's] registered agent and that service was also delivered the Las Vegas street address that is listed as its alternate street address registered with the Nevada Secretary of State."[20] The court noted that "questions persist" regarding THC's allegations that it never received the summons or complaint from its registered agent before finally receiving the notice of default, but nonetheless resolved the question in favor of granting relief from default judgment.[21]

THC makes no argument, much less provides any basis, for finding that the service upon its registered agent did not occur or was improper. And the state court certainly never determined that THC's service in early 2021 was improper. Accordingly, THC's 30-day period to file a motion for default began on January 21, 2022 when it is undisputed that THC had received a copy of the complaint.[22] The only official summons on the state court docket occurred in early 2021, and there is no indication that the court's May 9, 2022 order operated as an official summons or that THC had to be re-served with a summons after the order.[23] THC's time for removing this case ended no later than February 20, 2022.

None of the cases that THC cites compels an opposite result. In *R.M. v. Dennis, Jackson, Martin & Fontela, P.A.*,[24] the court found that the notice of removal was timely filed because the period began when the defendant was formally served, not when the complaint and summons was emailed to counsel.[25] That case was a straightforward application of the Supreme Court's holding in *Murphy Bros.* that the 30-day period for a party to file a notice of removal cannot

---

[20] *Id.* at 4.
[21] *Id.* at 4–5.
[22] Indeed, THC's attorneys filed a motion and notice of appearance on that date. *See* State Court Docket at 3.
[23] *See id.*
[24] No. 2:20-cv-00064-DB, 2020 WL 1309974 (D. Utah Mar. 19, 2020).
[25] *Id.* at *3.

occur without formal service, whereas here formal service occurred almost a year before THC obtained a copy of the complaint. The other case that THC cites, *Ogeone v. United States*,[26] is inapposite. There, the District of Hawaii adopted a magistrate judge's recommendation that a notice of removal was not untimely because the claim was a claim against the United States subject to 28 U.S.C. § 2679(d)(2) that provides that the case shall be removed "at any time before trial."[27] As such, the 30-day deadline of § 1446(b)(1) was never applicable in that case.

THC's 30-day deadline to file a notice of removal began, at the latest, on January 21, 2022. Thus, its notice of removal was untimely by multiple months when filed on June 1, 2022.

## ORDER

Because THC did not timely file its notice of removal, Iliad's Motion for Remand is GRANTED.

Signed July 20, 2022.

BY THE COURT:

David Barlow
United States District Judge

---

[26] Civil No. 13-00166 SOM/RLP, 2013 WL 3807798 (D. Haw. July 19, 2013).
[27] *Id.* at *5.